**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Derell Green, Appellant.

Appellate Case No. 2011-201486

———————————

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2014-UP-345
Heard September 8, 2014 – Filed October 1, 2014

———————————

**AFFIRMED**

———————————

Chief Appellate Defender Robert Michael Dudek and Appellate Defender Laura Mary Caudy, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Alphonso Simon, Jr., all of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

———————————

**PER CURIAM:** Derell Green appeals his murder conviction, arguing the trial court erred in admitting his inculpatory statement. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Pittman*, 373 S.C. 527, 566, 647 S.E.2d 144, 164 (2007) ("In determining whether a confession was given 'voluntarily,' this [c]ourt must consider the totality of the circumstances surrounding the defendant's giving the confession."); *id.* (explaining the totality of the circumstances in determining the voluntariness of a juvenile's confession includes "'the youth of the accused, his lack of education or his low intelligence, the lack of any advice to the accused of his constitutional rights, the length of detention, the repeated and prolonged nature of the questioning, and the use of physical punishment such as the deprivation of food or sleep'" (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973))); *id.* at 568, 647 S.E.2d at 165 ("Although courts have given confessions by juveniles special scrutiny, courts generally do not find a juvenile's confession involuntary where there is no evidence of extended, intimidating questioning or some other form of coercion."); *State v. Parker*, 381 S.C. 68, 74, 671 S.E.2d 619, 622 (Ct. App. 2008) ("When reviewing a trial court's ruling concerning voluntariness, this [c]ourt does not reevaluate the facts based on its own view of the preponderance of the evidence, but simply determines whether the trial court's ruling is supported by any evidence." (internal quotation marks omitted)).

**AFFIRMED.**

**HUFF, SHORT, and KONDUROS, JJ., concur.**